# IN THE DISTRICT COURT OF THE UNITED STATES

## For the Western District of New York

|  |  |
|---|---|
| **THE UNITED STATES OF AMERICA**<br><br>*-vs-*<br><br>**DAVEANAN SOOKDEO**<br> (Counts 1, 5, 13),<br>**KEVIN CYSTER**<br> (Counts 1, 6, 14, 18),<br>**JONATHAN NEUFELD**<br> (Counts 1, 2, 8, 16, 17),<br>**CHRISTINA STARKBAUM**<br> (Counts 1, 9, 10, 11),<br>**RENEE A. JARVIS**<br> (Counts 1, 3, 12),<br>**JOSE COMPUESTO**<br> (Counts 1, 7, 15),<br>**TIMOTHY R. JOHNSTON**<br> (Counts 1, 4, 19) | **APRIL 2013 GRAND JURY**<br>**(Impaneled 04/10/13)**<br><br>**12-CR-6156(FPG)**<br>**SUPERSEDING INDICTMENT**<br><br> **Violations:**<br><br> Title 18, United States Code, Sections 371, 287, 2314 and 2<br><br> (19 Counts & 1 Forfeiture Allegation) |

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Superseding Indictment:

1.      The Internal Revenue Service ("IRS") was an agency of the Department of the Treasury. The IRS had responsibility for the ascertainment, computation, assessment, and collection of taxes, including income taxes.  The Department of the Treasury was an agency of the United States.

2.    All of the defendants were citizens of Canada. Defendants DAVEANAN SOOKDEO ("SOOKDEO"), KEVIN CYSTER ("CYSTER"), JONATHAN NEUFELD ("NEUFELD"), CHRISTINA STARKBAUM ("STARKBAUM"), RENEE A. JARVIS ("JARVIS"), and JOSE COMPUESTO ("COMPUESTO") were residents of Ontario, Canada.  Defendants NEUFELD and STARKBAUM were married and resided together. Defendant TIMOTHY R. JOHNSTON ("JOHNSTON") was a resident of Nova Scotia, Canada.

3.    From a location in California, Ronald Brekke ("Brekke"), an unindicted coconspirator, promoted a scheme (hereinafter, the "OID scheme") to defraud the United States Treasury by assisting Canadians and others to obtain the payment of false claims for tax refunds from the IRS.  The OID scheme used IRS Forms 1099-OID generated by Brekke and his associates that falsely reported large tax withholdings that never existed, forming the basis for false claims for refunds of the purportedly withheld taxes.

4.    Brekke prepared false IRS Forms 1099-OID, Original Issue Discount, on behalf of the scheme's participants, including the defendants.  The Forms 1099-OID purported to show that the participants' creditors, such as banks, mortgage companies, and credit card issuers, had withheld large amounts of federal income taxes and paid this money over to the IRS, but in fact there were no such withholdings or payments to the IRS.

2

5.      The OID scheme participants filed individual income tax returns with the IRS, attaching copies of the false Forms 1099-OID and fraudulently claiming a refund of the nonexistent tax withholdings.

6.      In and around 2009, defendant SOOKDEO became a Canadian promoter of the OID scheme and recruited participants in Canada.   Defendant SOOKDEO told potential participants that, using the OID scheme, they could obtain tax refunds from the IRS even though they had never paid any taxes to the IRS.  Defendant CYSTER and others assisted defendant SOOKDEO in promoting the scheme by hosting meetings where defendant SOOKDEO recruited participants.

7.      Defendants   CYSTER,   NEUFELD,   COMPUESTO,   JARVIS   and JOHNSTON and other coconspirators joined the scheme and used the services of defendant SOOKDEO and Brekke to prepare and file false Forms 1099-OID and tax returns.

8.      During   2009,   defendants   SOOKDEO,   CYSTER,   NEUFELD, STARKBAUM and JARVIS, and other coconspirators had meetings in Canada about the OID scheme.

9.      Defendant SOOKDEO's coconspirators paid defendant SOOKDEO a fee to participate in the OID scheme and promised to pay him a percentage of any refunds that were obtained through the OID scheme.

10.    Defendant SOOKDEO served as a middleman between Canadian coconspirators who sought to file false United States income tax returns utilizing the OID scheme and Brekke in California. Defendant SOOKDEO transmitted financial information from the Canadian coconspirators to Brekke, who used the information to prepare false Forms 1099-OID.   Brekke then sent copies of the false Forms 1099-OID back to defendant SOOKDEO.    Brekke and his associates used the IRS Filing Information Returns Electronically (FIRE) system to electronically transmit the false Forms 1099-OID to IRS computers over the internet.

11.    After obtaining copies of the false Forms 1099-OID from Brekke, defendant SOOKDEO transmitted copies of the Forms 1099-OID, electronically and by other means, to the Canadian coconspirators, including defendants CYSTER, NEUFELD, COMPUESTO, JARVIS and JOHNSTON.

12.    During 2009 and 2010, defendants SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON, and others caused false tax returns based on the OID scheme to be filed in their names with the IRS.   These false returns caused the IRS to generate and mail large tax refund checks to coconspirators including defendants SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON at their addresses in Canada.

13.     Defendant SOOKDEO supplied coconspirators with frivolous and obstructive correspondence to send back to the IRS in response to IRS demands and warning letters related to the OID scheme.

14.     During 2009 and 2010, defendants SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON crossed the border from Canada into the United States and opened bank accounts in their names at bank branches locations in the Western District of New York.  The defendants thereafter deposited tax refund checks drawn on the United States Treasury that they fraudulently obtained through the OID scheme in their accounts at those bank branches in the Western District of New York.

15.     During 2009, 2010, and 2011, defendants SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON transferred funds derived from the tax refund checks from accounts at bank branches located in the Western District of New York to accounts held at other financial institutions in Canada and the United States.

16. As a result of the OID scheme, the defendants claimed a total of approximately $9,760,691.14 in fraudulent tax refunds from the IRS and received a total of approximately $3,553,303.35 in tax refunds to which they were not entitled.

## COUNT 1
**(Conspiracy to Defraud the United States and to Commit Theft of Government Funds)**

**The Grand Jury Charges That:**

1.     The Introductory Allegations of this Superseding Indictment are incorporated herein by reference.

#### A.     Objects of the Conspiracy

2.     From at least in or about February 2009, and continuing through in or about December 2011, the exact dates being unknown to the Grand Jury, in the Western District of New York, and elsewhere, the defendants, DAVEANAN SOOKDEO ("SOOKDEO"), KEVIN CYSTER ("CYSTER"), JONATHAN NEUFELD ("NEUFELD"), CHRISTINA STARKBAUM ("STARKBAUM"), RENEE A. JARVIS ("JARVIS"), JOSE COMPUESTO ("COMPUESTO"), and TIMOTHY R. JOHNSTON ("JOHNSTON"), did knowingly, willfully and unlawfully combine, conspire, confederate and agree together and with others known and unknown to the Grand Jury to defraud the United States and an agency thereof, to wit, the IRS, and to commit offenses against the United States, to wit, violations of Title 18, United States Code, Section 641.

(a)     It was a part and object of the conspiracy that, from in or about February 2009 and continuing through in or about December 2011, defendants SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON and others known and unknown to the Grand Jury, willfully and knowingly

6

would and did defraud the United States of America and an agency thereof, to wit, the IRS, by impeding, impairing, defeating, and obstructing the lawful governmental functions of the IRS in the ascertainment, evaluation, assessment, and collection of income taxes.

(b)     It was a further part and object of the conspiracy that, from in or about February 2009 and continuing through in or about December 2011, defendants SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON and others known and unknown to the Grand Jury, knowingly and willfully would and did convert, steal, and purloin money and things of value of the United States of a value in excess of $1,000, namely United States income tax refunds to which they knew that they were not entitled, in the approximate amount of  $3,553,303.35, in violation of Title 18, United States Code, Section 641.

### B.     Means and Methods of the Conspiracy

The objects of the conspiracy were to be accomplished and effected by the defendants, SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON, their coconspirators, and others known and unknown to the Grand Jury as follows:

3.     They would and did generate IRS Forms 1099-OID that falsely reported large tax withholdings that never existed;

4.      They would and did file false claims for tax refunds from the IRS;

5.      They would and did deposit United States Treasury Checks obtained by means of false claims for tax refunds in bank accounts they opened in the United States;

6.      They would and did transfer funds from those accounts in the United States to accounts in Canada and to each other; and

7.      They would and did send false and frivolous correspondence to the IRS.

## C.    Overt Acts

In furtherance of the conspiracy and to effect the illegal objects thereof, defendants SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON and their coconspirators, committed and caused to be committed the following overt acts, among others, in the Western District of New York, and elsewhere:

a. On or about the dates set forth below, the defendants listed below caused IRS Forms 1040NR, U.S. Nonresident Alien Income Tax Returns, for the tax years listed below to be completed and filed with the IRS in Austin, Texas and other locations on or about the dates set forth below, on behalf of the defendants listed below. These Forms 1040NR falsely claimed refunds in the approximate amounts listed below, to which the defendants listed below knew they were not entitled:

8

| OVERT ACT | DEFENDANT | TAX YEAR | DATE SIGNED | AMOUNT OF FALSE CLAIM | DATE RECEIVED BY IRS |
|---|---|---|---|---|---|
| 1 | SOOKDEO | 2008 | 02/05/09 | $1,361,983.54 | 03/16/09 |
| 2 | SOOKDEO | 2008 | 02/05/09 | $1,361,983.54 | 04/27/09 |
| 3 | NEUFELD | 2008 | 03/17/09 | $799,135.39 | 04/03/09 |
| 4 | CYSTER | 2008 | 03/22/09 | $206,441.08 | 04/03/09 |
| 5 | JOHNSTON | 2008 | 03/28/09 | $642,947.26 | 04/06/09 |
| 6 | JARVIS | 2008 | 04/08/09 | $404,120.00 | 04/21/09 |
| 7 | SOOKDEO | 2008 | 04/22/09 | $1,361,983.54 | 06/22/09 |
| 8 | SOOKDEO | 2007 | 06/29/09 | $73,662.25 | 07/06/09 |
| 9 | SOOKDEO | 2005 | 06/29/09 | $461,975.24 | 07/09/09 |
| 10 | SOOKDEO | 2008 | 06/29/09 | $108,370.06 | 07/06/09 |
| 11 | SOOKDEO | 2006 | 07/02/09 | $717,975.99 | 07/09/09 |
| 12 | SOOKDEO | 2008 | 10/16/09 | $108,370.06 | 11/04/09 |
| 13 | COMPUESTO | 2009 | 01/29/10 | $383,155.46 | 02/08/10 |
| 14 | NEUFELD | 2009 | 02/12/10 | $824,635.56 | 02/27/10 |
| 15 | CYSTER | 2006 | 03/02/10 | $147,261.30 | 03/29/10 |
| 16 | CYSTER | 2007 | 03/03/10 | $188,333.95 | 03/29/10 |
| 17 | CYSTER | 2009 | 03/15/10 | $217,865.28 | 03/30/10 |
| 18 | SOOKDEO | 2009 | 05/07/10 | $390,491.64 | 05/06/10 |

19.    Between in or about February 2009 and in or about April 2010, defendant SOOKDEO sent and received emails to and from Brekke transmitting documents relating to the OID scheme. These emails pertained to the filing of documents with the IRS and payments to Brekke from defendants SOOKDEO, NEUFELD, CYSTER, COMPUESTO, JARVIS and JOHNSTON.

20.    Between in or about March 2010 and in or about April 2011, defendants SOOKDEO, NEUFELD and CYSTER each communicated with the IRS, by letter and

9

telephone, refusing, rejecting and obstructing the IRS's attempts to recover the fraudulently obtained United States Treasury check funds.

b. SOOKDEO

21.     On or about May 22, 2009, defendant SOOKDEO entered the United States at the Niagara Falls, New York Port of Entry and opened an account at Bank of America, N.A. (hereinafter "B.O.A.") in Niagara Falls, New York.

22.     On or about August 7, 2009, defendant SOOKDEO entered the United States at the Niagara Falls, New York Port of Entry and endorsed and deposited a United States Treasury check, in the amount of $73,662.25, resulting from a fraudulent 2007 Form 1040NR, into his account at a B.O.A. branch in Niagara Falls, New York.

c. CYSTER

23.     On or about August 7, 2009, defendant CYSTER entered the United States at the Lewiston, New York Port of Entry and opened a bank account at a JPMorgan Chase Bank, N.A. (hereinafter "Chase") branch in Rochester, New York.

24.     On or about October 2, 2009, defendant CYSTER entered the United States at the Niagara Falls, New York Port of Entry and thereafter endorsed and deposited a United States Treasury check, in the amount of $206,441.08, resulting from a fraudulent 2008 Form 1040NR, into his account at a Chase branch in Rochester, New York.

25.    On or about September 7, 2010, defendant CYSTER deposited a United States Treasury check, in the amount of $219,206.35, resulting from a fraudulent 2009 Form 1040NR, at a Royal Bank of Canada branch in Ontario, Canada.

d. NEUFELD and STARKBAUM

26.    On or about March 6, 2009, defendants NEUFELD and STARKBAUM signed a form, entitled "ACKNOWLWDGEMENT [sic] OF DOCUMENT AUTHENTICITY AND SUBMISSION" (hereinafter "Acknowledgement Form") to be sent to Brekke, in which they averred that the information they provided to Brekke was "valid, true and authentic."

27.    On or about March 9, 2009, defendant SOOKDEO emailed the Acknowledgement Form signed by defendants NEUFELD and STARKBAUM to Brekke.

28.    On or about March 10, 2009, defendant SOOKDEO emailed Brekke asking for "PDF files" of Forms 1099-OID for defendants SOOKDEO, CYSTER and NEUFELD.

29.    On or about May 14, 2009, defendants NEUFELD and STARKBAUM entered the United States at the Lewiston, New York Port of Entry and opened a joint account at a Chase bank branch in Brockport, New York.

11

30. On or about May 14, 2009, defendant STARKBAUM signed an IRS Form W-8 BEN (Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding).

31. On or about May 14, 2009, defendant NEUFELD endorsed and deposited a United States Treasury check in the amount of $799,135.99, resulting from a fraudulent 2008 Form 1040NR, into the account he had just opened jointly with defendant STARKBAUM.

32. On or about May 19, 2009, defendant STARKBAUM entered the United States at the Lewiston, New York Port of Entry and purchased a $19,978.39 cashier's check made payable to defendant SOOKDEO at the Chase bank branch in Brockport, New York.

33. On or about May 3, 2010, defendants NEUFELD and STARKBAUM entered the United States at the Lewiston, New York Port of Entry, went to a Chase bank branch in Brockport, New York and defendant NEUFELD deposited a United States Treasury check in the amount of $824,635.56, resulting from a fraudulent 2009 Form 1040NR, into the account he jointly held with STARKBAUM.

34. On or about May 13, 2010, defendants NEUFELD and STARKBAUM entered the United States at the Lewiston, New York Port of Entry, went to a Chase bank

branch in Brockport, New York and ordered a wire transfer of $123,700.00 to a Toronto Dominion Bank account located in Canada held by defendant SOOKDEO.

e. JARVIS

35.     On or about June 24, 2009, defendant JARVIS entered the United States at the Niagara Falls, New York Port of Entry.

36.     On or about June 25, 2009, defendant JARVIS opened an account at a Chase bank branch in Rochester, New York, where she endorsed and deposited into that account a United States Treasury check in the amount of $404,120.00, resulting from a fraudulent 2008 Form 1040NR.

f. COMPUESTO

37.     On or about April 3, 2010, defendant COMPUESTO entered the United States at the Buffalo, New York Port of Entry and opened a bank account at a B.O.A. branch in Kenmore, New York.

38.     On or about April 3, 2010, defendant COMPUESTO endorsed and deposited, into his account, a United States Treasury check, in the amount of $383,155.46, resulting from a fraudulent 2009 Form 1040NR.

39.    On or about April 12, 2010, defendant COMPUESTO caused $38,315.00 to be transferred from his B.O.A. account to a B.O.A. account held by defendant SOOKDEO.

40.    On or about April 12, 2010, defendant COMPUESTO caused a wire transfer totaling $50,000.00 to be made from his B.O.A. bank account to a Toronto Dominion Bank account held by defendant SOOKDEO.

g. JOHNSTON

41.    On or about March 6, 2009, JOHNSTON and his wife signed an Acknowledgment Form to be sent to Brekke.

42.    On or about March 12, 2009, defendant SOOKDEO sent by way of email to Brekke the Acknowledgement Form signed by defendant JOHNSTON and his wife and a completed "1099-OID and 1099-A Upload Information Form" containing all of the financial information required to prepare false Forms 1099-OID for defendant JOHNSTON.

43.    On or about June 29, 2009, defendant JOHNSTON entered the United States at the Niagara Falls, New York Port of Entry.

44.    On or about June 29, 2009, defendant JOHNSTON opened an account at a Chase bank branch in Rochester, New York, where he endorsed and deposited into that

account a United States Treasury check, in the amount of $642,947.26, resulting from a fraudulent 2008 Form 1040NR.

45.    Between on or about August 18, 2009 and continuing through on or about August 27, 2009, defendant JOHNSTON caused wire transfers totaling $192,000.00 to be made from his Chase bank account to another Chase bank account held by defendant CYSTER and his wife.

46.    On or about September 11, 2009, defendant JOHNSTON caused a wire transfer of $100,025.00 to be made from his Chase bank account to a Chase bank account held by defendants NEUFELD and STARKBAUM.

47.    On or about December 13, 2011, defendant JOHNSTON caused a wire transfer of $8,700 to be made from his Chase bank account into a Royal Bank of Canada account in Canada.

**All in violation of Title 18, United States Code, Section 371.**

**COUNTS 2 THROUGH 8**
**(False Claim to the United States)**

**The Grand Jury Further Charges That:**

1.      The Introductory Allegations and the allegations of Count 1 of this Superseding Indictment are incorporated herein by reference.

2.      On or about the dates set forth below, in the Western District of New York, and elsewhere, the defendants, DAVEANAN SOOKDEO ("SOOKDEO"), KEVIN CYSTER ("CYSTER"), JONATHAN NEUFELD ("NEUFELD"), RENEE A. JARVIS ("JARVIS"), JOSE COMPUESTO ("COMPUESTO"), and TIMOTHY R. JOHNSTON ("JOHNSTON"), each of whom is a citizen and resident of Canada, made and presented to the United States Department of the Treasury, a claim against the United States which each of the defendants then and there knew to be false, fictitious, and fraudulent, that is, the defendants endorsed and deposited at branch locations of banks within the Western District of New York, as set forth below, fraudulently obtained federal income tax refund checks in the approximate amounts set forth below, which checks were issued by the Department of the Treasury in the names of the defendants in connection with the filing by the defendants set forth below of a fraudulent U.S. Nonresident Alien Income Tax Return, Form 1040NR, for the tax years set forth below:

16

| COUNT | DEFENDANT | DATE OF DEPOSIT | CHECK AMOUNT | TAX YEAR OF FALSE RETURN | BANK |
|---|---|---|---|---|---|
| 2 | NEUFELD | 05/14/09 | $799,135.39 | 2008 | Chase Bank, Brockport, NY |
| 3 | JARVIS | 06/25/09 | $404,120.00 | 2008 | Chase Bank, Rochester, NY |
| 4 | JOHNSTON | 06/29/09 | $642,947.26 | 2008 | Chase Bank, Rochester, NY |
| 5 | SOOKDEO | 08/07/09 | $73,662.25 | 2007 | Bank of America, Niagara Falls, NY |
| 6 | CYSTER | 10/02/09 | $206,441.08 | 2008 | Chase Bank, Rochester, NY |
| 7 | COMPUESTO | 04/03/10 | $383,155.46 | 2009 | Bank of America, Kenmore, NY |
| 8 | NEUFELD | 05/03/10 | $824,635.56 | 2009 | Chase Bank, Brockport, NY |

**All in violation of Title 18, United States Code, Sections 287 and 2.**

**COUNTS 9 THROUGH 19**
**(Interstate and Foreign Transportation of Money Taken by Fraud)**

**The Grand Jury Further Charges That:**

1.      The Introductory Allegations and the allegations of Count 1 of this Superseding Indictment are incorporated herein by reference.

2.      On or about the dates set forth in the table below, in the Western District of New York, and elsewhere, the defendants, DAVEANAN SOOKDEO ("SOOKDEO"), KEVIN CYSTER ("CYSTER"), JONATHAN NEUFELD ("NEUFELD"), CHRISTINA

17

STARKBAUM ("STARKBAUM"), RENEE A. JARVIS ("JARVIS"), JOSE COMPUESTO ("COMPUESTO"), and TIMOTHY R. JOHNSTON ("JOHNSTON"), did unlawfully transport, transmit and transfer, and cause to be transported, transmitted and transferred, in interstate and foreign commerce, as set forth below, securities and money having a value of $5,000 or more, as described below, knowing the same to have been stolen, converted and taken by fraud.

| COUNT | DATE | DEFENDANT | MONEY AND SECURITIES | TRANSPORTED, TRANSMITTED, OR TRANSFERRED | |
|---|---|---|---|---|---|
| | | | | FROM | TO |
| 9 | 05/19/09 | STARKBAUM | $19,978.39 Cashier's Check Payable to S.A. | Chase Bank, Brockport, NY | Royal Bank of Canada, Milton, ONT |
| 10 | 05/19/09 | STARKBAUM | $19,978.39 Cashier's Check Payable to SOOKDEO | Chase Bank, Brockport, NY | Toronto Dominion Bank, Milton, ONT |
| 11 | 05/19/09 | STARKBAUM | Wire Transfer $460,000 to NEUFELD | Chase Bank, Brockport, NY | Bank of Montreal |
| 12 | 07/07/09 | JARVIS | Wire Transfer $255,000 to JARVIS | Chase Bank, Rochester, NY | Bank of Montreal |
| 13 | 08/27/09 | SOOKDEO | $10,000 Cashier's Check | Bank of America, Niagara Falls, NY | Toronto Dominion Bank, Milton, ONT |
| 14 | 10/15/09 | CYSTER | Wire Transfer $25,000 | Chase Bank, Rochester, NY | Canadian Imperial Bank of Commerce |
| 15 | 04/12/10 | COMPUESTO | Wire Transfer $50,000 to SOOKDEO | Bank of America, Kenmore, NY | Toronto Dominion Bank |
| 16 | 05/13/10 | NEUFELD | Wire Transfer $123,700 to SOOKDEO | Chase Bank, Brockport, NY | Toronto Dominion Bank |
| 17 | 05/13/10 | NEUFELD | Wire Transfer $577,117 to NEUFELD | Chase Bank, Brockport, NY | Bank of Montreal |
| 18 | 07/13/10 | CYSTER | Wire Transfer $20,000 | Chase Bank, Rochester, NY | Royal Bank of Canada |
| 19 | 03/23/11 | JOHNSTON | Wire Transfer $8,200 | Chase Bank, Rochester, NY | Royal Bank of Canada |

**All in violation of Title 18, United States Code, Sections 2314 and 2.**

## FORFEITURE ALLEGATION

### The Grand Jury Further Alleges That:

Upon conviction of one or more of the offenses set forth in Counts 1, 9 through 19 of this Superseding Indictment, the defendants, DAVEANAN SOOKDEO ("SOOKDEO"), KEVIN CYSTER ("CYSTER"), JONATHAN NEUFELD ("NEUFELD"), CHRISTINA STARKBAUM ("STARKBAUM"), RENEE A. JARVIS ("JARVIS"), JOSE COMPUESTO ("COMPUESTO"), and TIMOTHY R. JOHNSTON ("JOHNSTON"), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

## MONETARY SUM

The sum of approximately $3,553,303.35 in United States currency, which sum of money is equal to the total amount, which constitutes or is derived from proceeds traceable to the offenses described in Counts 1 and 9 through 19 of this Superseding Indictment, for which the defendants are convicted. In the event that sum is not available, then a money judgment for the same amount, which amount represents the total amount of proceeds that were obtained, directly or indirectly, as a result of the offenses described in Counts 1 and 9 through 19, will be entered against the defendants, SOOKDEO, CYSTER, NEUFELD, STARKBAUM, COMPUESTO, JARVIS and JOHNSTON. If more than one defendant is

19

convicted of the offenses described in Counts 1 and 9 through 19, the defendants so convicted are jointly and severally liable for the amount involved in such offense(s).

If any of the property described above, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;
b.   has been transferred or sold to, or deposited with, a third party;
c.   has been placed beyond the jurisdiction of the court;
d.   has been substantially diminished in value; or
e.   has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

**All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c)**.

DATED: Rochester, New York, September 3, 2013.


                    WILLIAM J. HOCHUL, JR.
                    United States Attorney

BY:   /s/Marisa J. Miller
      MARISA J. MILLER
      Assistant U.S. Attorney
      United States Attorney's Office
      Western District of New York
      100 State Street, Suite 500
      Rochester, New York 14614
      (585) 399-3900, ext. 23965
      Marisa.Miller@usdoj.gov


      /s/Jeffrey A. McLellan
      JEFFREY A. McLELLAN
      Trial Attorney, Tax Division
      U.S. Department of Justice
      Post Office Box 972
      Washington, DC 20044
      (202)514-5150
      jeffrey.a.mclellan@usdoj.gov


A TRUE BILL:

/s/Foreperson
FOREPERSON

21